IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD KENDRIC MCCOY, #12545-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv47 |
| | § | CRIM ACTION NO. 4:04cr38(1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Ronald Kendric McCoy filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Movant is complaining about the revocation of his release in his Eastern District of Texas, Sherman Division, conviction of mail fraud, in violation of 18 U.S.C. §1341. On September 4, 2004, after pleading guilty, the Court sentenced Movant to forty (40) months of imprisonment and three (3) years of supervised release. On January 23, 2006, the Fifth Circuit Court of Appeals affirmed Movant's judgment. The term of supervised release was revoked by Revocation Judgment signed on December 29, 2010, and Movant was then sentenced to ten (10) months' imprisonment, to be served consecutively to any other sentence being served, with twenty-six (26) months of supervised release to follow. On October 12, 2012, the U.S. Probation Officer filed another Petition for Warrant or Summons for Offender Under Supervision, asserting that Movant had again violated conditions of his supervised release. A hearing was held. After considering the totality of the evidence and testimony presented, the Court found that Movant had violated the terms of his supervised release and that his release should be revoked. Accordingly, it was recommended that

1

Movant be imprisoned for a term of twelve (12) months' imprisonment, with no supervised release to follow.

Movant filed the present motion on January 25, 2013. He alleges that he is entitled to relief because:

1. His Fifth Amendment Right to due process was violated;

2. His Sixth Amendment Right to confront was violated;

3. His right to a neutral and detached hearing body was violated;

4. His right to equal protection of the laws was violated;

5. His right to due process at the revocation hearing was violated; and

6. He was denied effective assistance of counsel.

The Government was not ordered to file a response.

## Exhaustion of Remedies

Following a conviction and exhaustion or waiver of the right to direct appeal, a defendant is presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S. Ct. 978, 117 L. Ed.2d 141 (1992). As a result, review of convictions pursuant to section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude. Such issues may not be raised for the first time on collateral review without a showing of cause for failing to raise the issue on direct appeal and actual prejudice resulting from the alleged error. *Id.* Other types of error (non-constitutional or non-jurisdictional error) may not be raised under section 2255 unless the defendant demonstrates the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998). *See also United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (collateral attack primarily limited to issues of constitutional or

jurisdictional magnitude and, even then, movant must show both (1) cause for not raising on direct appeal and (2) prejudice because of such failure; other errors may not be raised unless a movant shows both that the error could not have been raised on direct appeal.).

In this case, Movant has not filed a direct appeal nor has he shown cause for failing to raise his issues on direct appeal and actual prejudice resulting from the alleged errors. *Shaid*, 937 F.2d at 231-32. Because Movant filed his motion prematurely, his motion should be dismissed.

## Recommendation

It is recommended that the above-styled motion be dismissed without prejudice.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 29th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE